FORMER EMPLOYEES OF AT&T TECHNOLOGIES, DALLAS WORKS,
PLAINTIFFS *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 89-10-00548

(Dated November 26, 1990)

*David Amesquita*, pro se.
*Stuart M. Gerson*, Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch (*Vanessa P. Sciarra* and *A. David Lafer*) and (*Scott Glabman*, Department of Labor, Of Counsel), for defendant.

RE, *Chief Judge*: In this action, the plaintiffs, the former employees of AT&T Technologies, Dallas Works, seek judicial review of the Secretary of Labor's denial of their petition for certification of eligibility for benefits under the worker adjustment assistance program of the Trade Act of 1974. *See* 19 U.S.C. §§ 2271-2321, 2395 (1988). This action is before the court on plaintiffs' motion to remand to the Secretary of Labor for reconsideration. Plaintiffs contend that there is new evidence in support of their petition.

After reviewing the administrative record and the contentions of the parties, the court finds that plaintiffs have failed to show good cause for a remand. Hence, the plaintiffs' motion is denied.

### BACKGROUND

This action arises from a petition for certification of eligibility for trade adjustment assistance benefits for the former employees of AT&T, Dallas Works, who were separated from employment in February, 1989. In denying plaintiffs' petition, the Secretary expressly determined that production and sales at the AT&T Dallas Works plant increased in 1988 compared with 1987, and from January through May, 1989 compared with January through May, 1988. Hence, the Secretary denied the plaintiffs certification for trade adjustment assistance benefits since the plaintiffs had not satisfied the requirement "that sales or production, or both, of such firm or subdivision have decreased absolutely." 19 U.S.C. § 2272(a)(2) (1988).

The action before this court was commenced by a letter written by David Amesquita, president of the Communications Workers of America, Local 6260, on behalf of the plaintiffs. For purposes of this action, the letter was deemed to be a summons and complaint.

Subsequently, Mr. Amesquita filed a second letter containing "new evidence" pertaining to plaintiffs' petition. Enclosed with the letter were eleven pages of computer printouts and thirty-five handwritten pages. The pages consisted of lists, and contained code numbers and abbreviations. According to the plaintiffs, the material "contains detailed products, and selects that have went to [AT&T's plant in] Matamoros, Mexico" from the Dallas Works plant.

In a third letter filed by Mr. Amesquita, the plaintiffs moved that their petition be remanded to the Secretary "in light of new information recently sent. * * *" Contending that the plaintiffs have failed to show "good cause," as required by 19 U.S.C. § 2395(b), the defendant opposes the plaintiffs' motion for a remand.

### DISCUSSION

On judicial review of a trade adjustment assistance case, "the court, *for good cause shown*, may remand the case to [the] Secretary to take further evidence, and [the] Secretary may thereupon make new or modified findings of fact and may modify his previous action, and shall certify to the court the record of the further proceedings." 19 U.S.C. § 2395(b) (1988) (emphasis added). Furthermore, on a motion for remand in a trade adjustment assistance case, the plaintiff has the burden of showing good cause. *See Retail Clerks Int'l Union Local 149F v. Donovan*, 10 CIT 308, 313 (1986).

In this case, the plaintiffs have neither stated nor established the relevance of the new evidence to the Secretary's express finding that the sales or production at AT&T's Dallas Works plant did not decrease during the relevant period. Nonetheless, the court has examined the materials submitted, and concludes that, on the administrative record before the court, the court is unable to determine the relevance or materiality of the "new evidence" submitted. Hence, the plaintiffs have failed to show good cause in support of their motion for a remand.

### CONCLUSION

In view of the foregoing, plaintiffs' motion to remand is denied. Since this case has been tried pro se, plaintiffs have 45 days, from the date of entry of the order in this case, either to renew their motion for remand, disclosing good cause for a remand, or to file a motion for judgment upon the agency record.